[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a Motion to Suppress Evidence. The motion makes various claims with regard to violations of the defendant's rights by the investigating officers. A hearing was conducted pursuant to this motion.
The state called Nicholas DeMatteis who testified that on January 18, 2000, he was working as a detective for the Waterbury Police Department. He was a veteran officer with more than thirty years on the police force. He had conducted thousands of narcotics investigations, had done many narcotic surveillances and he was familiar with the actions and habits of street level narcotic buyers and sellers.
Detective DeMatteis testified that on the day in question he received an anonymous phone call describing the defendant by name and the type of CT Page 10293 car he was driving and indicating that this named individual was currently selling narcotics at a specific location and that the drugs were in the car in a napkin.
The detective testified that he went to the area indicated and observed the defendant, his car, and watched what he recognized as two narcotic exchanges between the defendant and unknown individuals buying drugs. The detective testified that the area was known to him for street level drug activities. The detective notified other officers who took over the investigation.
Detective DeMatteis additionally testified to his actions at the police station, this testimony will be discussed shortly.
Sergeant Robert Jones testified. He was assigned to street narcotics. He was an experienced police officer. He knew who the defendant was. After receiving Detective DeMatteis' report on his observations he proceeded to the area and saw the defendant's car. He pulled up behind the vehicle. The Sergeant did not use lights or siren and he did not pull the car over. The officer approached the car and saw a napkin with what he recognized as narcotics inside. He seized the narcotics. He arrested the defendant and searched him incident to the arrest and found money and narcotics in his possession. Sergeant Jones testified that he recovered thirty-five bags of crack cocaine and $2,229.
Sergeant Jones testified that when the defendant was taken to the Waterbury Police Department he was not under the influence, not confused, no threats were made against the defendant and also no promises were made to him. The defendant was read his rights, understood them, was very cooperative and did not want an attorney.
In addition, Sergeant Jones testified that with the assistance of another officer a consent to search his residence was obtained from the defendant. The police proceeded to the house with a key provided by the defendant and seized more narcotics, additional cash and a shot gun. The total of the narcotics was four grams. The total money was in excess of $3,000. The court found Sergeant Jones' testimony credible.
In his testimony Detective DeMatteis indicated that when he arrived at the police station he began to talk to the defendant, that he first advised the defendant of his rights. He asked the defendant if he was willing to talk and the defendant agreed. Detective DeMatteis testified that the defendant spoke English, was not under the influence, understood his rights and did not request an attorney. He also testified that the defendant willingly signed a consent to search for his residence. The completed consent to search form was introduced as an exhibit in this CT Page 10294 hearing. The court also finds Detective DeMatteis' entire testimony credible.
The defendant testified himself and called four witnesses. Two of those witnesses were police officers who merely added additional background information regarding the incident, an investigator for the public defender also testified. The defendant's testimony and that of a witness named Todd Ferguson described a different sequence of events with regard to the seizure of the evidence by the police. The court finds the testimony of the State's witnesses credible and accepts their version of the incident. Horace Nowell's and Todd Ferguson's testimony the court does not find credible.
Dealing with the issues raised in the order they are presented. This court first finds that the police at the very least had reasonable articulable suspicion to conduct an investigation of Horace Nowell's car. The state presented evidence beyond that standard and actually satisfied the probable cause test. The contraband was in plain view. The police had a right to approach the car, any seizure subsequent to the lawful arrest of the defendant was also justified as incident to a lawful arrest. It is lawful for the police to approach a vehicle parked on a public street and look inside the vehicle. State v. Calvin, 241 Conn. 650
(1997). Once the original investigating officer corroborated the initial anonymous tip with two separate observations of what he knew to be street sales of narcotics, probable cause to either search or arrest the defendant was present. The additional plain view observations of Jones merely added to the more than sufficient justification for the actions of the officers.
The items taken subsequent to the arrest of Horace Nowell were legally seized. Police officers can lawfully search an individual after a lawful custodial arrest. State v. Hull, 210 Conn. 481 (1989).
The testimony of the officers supports the court's finding that the defendant knowingly, intelligently and voluntarily waived his right to remain silent. The defendant was read his rights, he understood his rights, the defendant cooperated, he was not under the influence of drugs or alcohol, there were no threats or promises. The defendant's waiver of his rights was valid.
The defendant's consent to search his home was his free choice. The court finds that the consent form was explained to the defendant, the defendant responded in an appropriate and cooperative fashion. Once again, the defendant was not confused, there were no threats or promises. The totality of the circumstances leads the court to conclude that the defendant freely consented to the search of his home. CT Page 10295
For the reasons stated in this memorandum the defendant's motion is denied.
THOMAS V. O'KEEFE, JR., J.